UNITED STATES of America, Plaintiff—Appellee,

v.

Ronald Lee PHILLIPS, Defendant—Appellant.

No. 03-30529.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided June 9, 2005.

Daniel J. Bryant, Esq., DOJ–U.S. Department of Justice, Office of the Associate Attorney General, Washington, DC, for Plaintiff–Appellee.

Meredith A. Ahearn, Esq., Hagans, Ahearn, McLaughlin, Webb, Anchorage, AK, Defendant–Appellant.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

ORDER AND MEMORANDUM **

1. The district court erred in calculating the amount of restitution Ronald Lee Phillips was ordered to pay the Department of Veterans Affairs (VA). The district court properly determined that the original loss to the VA was $450,375.57. However, the district court erred in its valuation of the buses. The district court was required to offset the loss to the VA by the fair market value of the buses as of September 18, 2002, when Phillips relinquished control of them to the VA and Northwest Bus Sales, Inc. (Northwest). *See United States v. Davoudi,* 172 F.3d 1130, 1134 (9th Cir.1999). Instead, the district court valued the buses based on the prices for which they were actually sold, which was error because the buses were sold a number of months after they were turned over to the VA and Northwest Bus Sales. *See United States v. Lomow,* 266 F.3d 1013, 1020 (9th Cir.2001) (holding that the Court reviews a district court's valuation methodology *de novo* ).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

In addition, the district court erred by including indirect sale-related expenses charged by Northwest in the restitution order. *See id.* (holding that the district court erred in including a receiver's sale-related expenses in a restitution order because those expenses did not "directly result[ ] from the defendant's criminal conduct") (citation omitted).

2. Because the Mandatory Victims Restitution Act of 1996 applied, the district court was not required to assess Phillips's ability to pay restitution. *See United States v. Matsumaru,* 244 F.3d 1092, 1108 (9th Cir.2001).

3. Because Phillips admitted that he defrauded the VA of the amount charged in the indictment, no Sixth Amendment violation occurred. *See United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 749, 160 L.Ed.2d 621 (2005) (reiterating that sentences imposed as a result of admitted facts do not violate the Sixth Amendment).

We **AFFIRM** Phillips' conviction. We **VACATE** the sentence imposed and **REMAND** to the district court for the sole purpose of conducting a hearing to determine the fair market value of the buses as of September 18, 2002, after which the restitution amount shall be recalculated in accordance with this disposition.

Phillips' Motion to Remand Case to District Court, filed on October 14, 2004, is **DENIED.**